-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CURTIS MIDDLEBROOKS,

        Petitioner,

                                            **ORDER**
v.                                           05-CV-0004F

JAMES T. CONWAY,

        Respondent.

---

On January 3, 2005, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition, however, which was filed on the Court's form for filing petitions for habeas corpus relief pursuant to 28 U.S.C. § 2254, left ¶ 22 of the form blank and therefore failed to specify the grounds upon which the petition was based. (Docket No. 1). The petition however did identify what grounds petitioner had raised on direct appeal from the conviction and in his state court application for a writ of error *coram nobis*, and the Court directed that the petition be served on respondent and that respondent file an answer and memorandum of law in response to the petition. Respondent filed an answer and memorandum noting that the petition failed to identify the specific grounds petitioner was raising but nonetheless addressing the claims petitioner had raised on direct appeal, in his application for a writ of error *coram nobis* and in a pending N.Y.Crim.Proc.L., § 440.20 motion.[1]  (Docket Nos. 5-6).

Petitioner then moved to stay his petition pursuant to *Zarvela v. Artuz*, 254 F.3d

374 (2d Cir.), *cert. denied sub. nom. Fischer v. Zarvela*, 536 U.S. 925 (2001), so that he could exhaust certain claims he has putatively raised in his petition. The motion, however, did not specify what claims had not been exhausted but simply noted that petitioner had filed a N.Y.Crim.Proc.L., § 440.20 motion, a state habeas corpus petition and a writ of certiorari with the United States Supreme Court. (Docket No. 7, Motion to Stay, Exh. A). The Court, therefore, denied the motion for a stay as premature and directed petitioner to file an amended petition setting forth each and every claim he was raising in this federal habeas corpus proceeding, both exhausted and unexhausted, and a renewed motion for a stay that identified specifically what claims were unexhausted and the status of any state court exhaustion proceedings filed to date by petitioner. (Docket No. 8).

On March 25, 2005, petitioner submitted a letter to the undersigned renewing his request for a stay and attaching an affirmation in support of his request, an amended petition for habeas corpus relief, which apparently raises both exhausted and unexhausted claims, and copies of various appellate briefs, post-conviction motions and decisions and orders regarding petitioner's direct appeals and post-conviction motions. (Docket No. 10). This letter is to be construed as a renewed motion for a stay, and the Clerk of the Court is directed to docket and file the attached amended petition with exhibits as an "Amended Petition."

Prior to making a determination as to whether petitioner is entitled to stay of his amended petition for habeas corpus relief, respondent will be provided an opportunity to respond to the renewed request for a stay and petitioner will be provided an opportunity to file and serve a reply to said response. Accordingly,

IT IS HEREBY ORDERED that the Clerk of the Court is directed to detach from petitioner's renewed request for a stay (Docket No. 10), the Amended Petition for Habeas Corpus relief, with exhibits, and docket it as an "Amended Petition," with exhibits;

FURTHER, that respondent shall file and serve a response to the renewed request for a stay by **August 31, 2005**, and petitioner may file and serve a reply by **September 30, 2005**. The Court will deem petitioner's renewed request for a stay submitted on September 30, 2005, and will issue a decision after review of the papers.

SO ORDERED.

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: July /s/ 1, 2005
Buffalo, New York