-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CURTIS MIDDLEBROOKS, 00-B-1178,

    Petitioner,

v.

**ORDER**
05-CV-0004F

JAMES T. CONWAY,

    Respondent.

---

On January 3, 2005, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition, which was filed on the Court's form for filing petitions for habeas corpus relief pursuant to 28 U.S.C. § 2254, failed to specify the grounds upon which the petition was based (Docket No. 1, Petition, ¶ 22), but the petition did, however, identify what grounds petitioner had raised on direct appeal from the conviction and in his state court application for a writ of error *coram nobis*. On February 24, 2005, respondent filed a response and memorandum of law in response to the petition, which addressed the claims petitioner had raised on direct appeal. (Docket Nos. 5-6).

On March 3, 2005, petitioner filed a motion requesting a stay of the petition, pursuant to *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.), *cert. denied sub. nom. Fischer v. Zarvela*, 536 U.S. 925 (2001), so that he could exhaust certain claims he had putatively raised in his petition. The motion, however, did not specify what claims had not been exhausted but simply noted that petitioner had filed a N.Y.Crim.Proc.L., § 440.20 motion, a state habeas corpus petition and a petition for a writ of *certiorari* with the United States Supreme Court. (Docket No. 7, Motion to Stay, Exh. A). On March 11, 2005, the Court denied petitioner's motion for a stay without prejudice as premature, and directed petitioner to file both an

amended petition setting forth each and every ground he intended to raise in this federal habeas corpus proceeding, both exhausted and unexhausted, and a renewed motion for a stay that identified specifically what claims were unexhausted and the status of any state court exhaustion proceedings filed to date by petitioner.

On March 25, 2005, petitioner filed a renewed motion for a stay and a supporting affirmation, which attached an amended petition for habeas corpus relief. (Docket No. 10).[1] The amended petition raises the following four grounds for relief: (1) petitioner's Fifth and Fourteenth Amendment rights were violated because the state trial court judge failed to state on the record that the People had proved the elements of the offense charged (assault in first degree) when announcing his verdict; (2) New York State does not provide a remedy

---

[1] Based on the record presently before the Court the following is the procedural history of petitioner's conviction, direct appeal and post-conviction applications:

1. Conviction entered on May 19, 2000, and affirmed on December 31, 2002 (*People v. Middlebrooks*, 752 N.Y.S.2d 759 (N.Y. App. Div., 4th Dept.);
2. Leave to appeal to the New York Court of Appeals denied on March 27, 2003 (*People v. Middlebrooks*, 790 L.E.2d 286 (N.Y. 2003) (Table);
3. State court application for a writ of error *coram nobis* was filed on May 12, 2004, and denied on June 14, 2004 (*People v. Middlebrooks*, 778 N.Y.S.2d 737 (Table, Text in WESTLAW), Unpublished Disposition, 2004 WL 1351363 (N.Y. App. Div. 2004);
4. Leave to appeal to New York Court of Appeals from the denial of application for writ of error *coram nobis* was denied on October 5, 2004 (*People v. Middlebrooks*, 820 N.E.2d 299 (N.Y. 2004) (Table);
5. On January 25, 2005, petitioner filed a petition for a writ of *certiorari* with the United States Supreme Court presumably from the denial of his application for a writ of error *coram nobis* (Docket No. 12, Amended Petition, App. D, p. 51), which was denied on April 4, 2005 (Docket No. 16, Affirmation in Support of Motion for Stay, p. 2, Exh. B);
6. On March 4, 2005, petitioner filed a state court writ of habeas corpus in New York State Supreme Court, Wyoming County, which was denied on March 15, 2005 (Docket No. 12, Amended Petition, App. E, p. 54);
7. On January 16, 2005, petitioner filed a motion pursuant to N.Y. CRIM. PROC. L., § 440.20, seeking to vacate his sentence (Docket No. 12, App. F, p.73), which was denied on May 31, 2005 (Docket No. 15, Respondent's Memorandum of Law, p. 3, Exh.);
8. On July 12, 2005, petitioner informed the Court that he had filed a motion for permission to appeal to the Appellate Division from the denial of his N.Y. Crim. Proc. L., § 440.20 motion to vacate his sentence (Docket No. 13), and on October 11, 2005, petitioner informed the Court that he filed a "Notice of Mandamus" to direct the Erie County District Attorney and New York State Attorney General to transfer his notice of appeal on state habeas corpus to the Erie County Courthouse, Index No. 20-114-05. (Docket No. 17).

2

under the Fourteenth Amendment to challenge a violation of a constitutional right; (3) the defense was precluded from cross-examining a prosecution witness with regard to her prior history in violation of the Sixth Amendment's confrontation clause; and (4) the State must state on the record the applicable principles of law as to reasonable doubt which the state trial court judge failed to do when he failed to state on record that the People proved the elements of the offense charged beyond a reasonable doubt in announcing his verdict.[2] (Docket No. 12, Amended Petition, ¶ ¶ 22 A-D).

Petitioner's affirmation in support of his renewed motion for a stay sets forth a procedural history of his state court proceedings, and attempts to set forth what claims are unexhausted for purposes of his stay request. He states that he "filed a State Habeas Corpus Petition . . . raising the [following] non-exhausted claims to be later heard on the Federal Habeas Corpus Petition[:]" (1) the trial court judge violated petitioner's Fifth and Fourteenth Amendment rights when he failed to state on the record when announcing his verdict that the People had proved each of the elements of the offense charged beyond a reasonable doubt; and (2) New York State does not provide a remedy under the Fourteenth

---

[2]The gravaman of the First and Fourth Grounds for Relief appears to be that the trial judge, who was the trier of fact, failed to specifically state on the record that the People had established the essential elements of the offense charged beyond a reasonable doubt. Respondent's counsel has construed the First Ground for Relief as a claim that the evidence was legally insufficient to support the conviction for assault in the first degree because the trial judge failed to refer to or state the relevant standard when announcing his verdict. (Docket No. 15, Respondent's Memorandum of Law, p. 4, 8-9). A review of petitioner's brief in support of his application for a writ of error *coram nobis* intimates that this claim is more akin to the trial judge diminishing the People's burden of proof, as opposed to an insufficiency of the evidence claim, (Docket No. 12, Amended Petition, App. B, Brief in Support for a Writ of Error Coram Nobis, p. 2), but in petitioner's latest affirmation in support of the request for a stay, petitioner specifically states the claims in terms of the trial court's failure to make a particular declaration of the standard of proof when announcing its verdict. (Docket No. 16, Reply Affirmation, p. 3, 11-12). In either event, petitioner asserts the same factual basis for both the First and Fourth Grounds for Releif--*viz.*, that the trial judge failed to state that the People had proved the elements of the offense beyond a reasonable doubt when announcing his verdict of guilty.

Amendment to challenge a violation of a constitutional right. (Docket No. 10, Affirmation, p. 5).

On July 6, 2005, the Court issued an Order that directed the Clerk of the Court to separately file the amended petition (Docket No. 12), which had been attached to the renewed motion for a stay, and directed respondent to file a response to petitioner's renewed motion for a stay. (Docket No. 11).

On August 18, 2005, respondent filed a response to the amended petition and a memorandum of law in response to both the amended petition and the renewed motion for a stay. (Docket Nos. 14-15). Respondent asserted that the motion for a stay should be denied because the "only" unexhausted claim raised in the amended petition--the trial judge announced the guilty plea without stating on the record that the People had established petitioner's guilt beyond a reasonable doubt--[3] did not need to be exhausted because it is deemed exhausted but procedurally defaulted. (Docket No. 15, Respondent's Memorandum of Law, pp. 4-5). *See Grey v. Hoke*, 933 F.2d 117, 120-21 (2d Cir. 1991). Respondent asserts that this claim is deemed exhausted but procedurally defaulted because it was raised in petitioner's state court petition for habeas corpus relief and was denied on the procedural ground that petitioner failed to raise the claim on direct appeal and habeas corpus was not intended as a substitute for an appeal. (Docket No. 12, App. E, Order of Supreme Court, Wyoming County) (citations omitted).

---

[3]Respondent asserts that petitioner claims in his renewed motion for a stay (Docket No. 10) that the only unexhausted claim raised in the amended petition is the one which claims that the trial judge did not announce in his verdict that the People had proved the elements of the offense beyond a reasonable doubt. (Docket No. 15, Respondent's Memorandum of Law, pp. 4). As previously noted, petitioner appears to assert in his affirmation in support of the renewed motion for a stay that there are two claims that are unexhausted, the one just stated and the one asserting that the state does not provide an avenue to challenge an alleged violation of a constitutional right. (Docket No. 10, Affirmation, p. 5).

Without specifically determining at this time what claim or claims are unexhausted, this Court finds that the renewed motion for a stay must be denied. In its last term, the United States Supreme Court directly addressed the stay and abeyance approach that had been utilized by a number of Circuits, including the Second, *Zarvela*, 254 F.3d at 380-81, which allowed a district court to exercise its discretion to stay proceedings with respect to a petitioner's exhausted claims, and to dismiss without prejudice the unexhausted claims so that the petitioner could return to state court in order to exhaust the unexhausted claims and then return to the district court to reinstate the previously dismissed claims. Assuming the petitioner complied with the conditions for the stay, *i.e.*, file exhaustion proceedings within 30 days of entry of the stay order and return to the district court within 30 days after the completion of exhaustion proceedings in state court, the reinstated claims could be determined to relate back to the date of the original petition for statute of limitations purposes. *Id.* at 381-82.

In *Rhines*, 544 U.S. ___, 125 S.Ct. 1528, 1534 (2005), the Supreme Court approved the stay and abeyance approach but limited its use to only those situations where there was a showing of "good cause" for the petitioner's failure to exhaust the claims in state court and that the unexhausted claims are not "plainly meritless." *Id.* at ___, 125 S.Ct. at 1535.[4]

In the instant matter, petitioner has failed to establish, in any way, the criteria for the granting of a stay as set forth in *Rhines*. Petitioner initially moved for a stay (Docket No. 7) shortly after respondent filed and served its response to the original petition and simply noted in that motion that respondent's assertions that some of the claims putatively raised in the

---

[4] A third criteria set forth in *Rhines* is that "there is no indication that the petitioner engaged in intentionally dilatory litigation techniques." 125 S.Ct. at 1534-35. There is no evidence in this matter that petitioner intentionally engaged in such techniques.

petition were unexhausted was premature because at that time he had both a § 440.20 motion to vacate his sentence and a state habeas corpus proceeding pending in the state courts. The renewed motion for a stay and the affirmation in support (Docket No. 10) is nothing more than a procedural history of petitioner's state court criminal proceedings, including the direct appeal, writ of error *coram nobis*, § 440.20 motion and state habeas corpus petition, and various confusing statements as to what claims raised in the amended petition are unexhausted and that those unexhausted claims are still being exhausted by means of the § 440.20 motion and state habeas corpus proceeding.

Petitioner offers no reasons for why he did not previously exhaust the claims that he believes are still unexhausted and he provides nothing in support of those claims which would allow the Court to make a preliminary determination as to whether the claims he asserts are unexhausted are or are not "plainly meritless." In fact, respondent asserts that the claims that petitioner believes are unexhausted are both deemed exhausted and procedurally barred, and meritless. Without a showing of both "good cause" as to why he did not exhaust the claims in state court before bringing the petition here and that the unexhausted claims are not "plainly meritless," petitioner's request for a stay of these proceedings must be denied. The renewed request for a stay, however, is denied without prejudice to re-filing upon an adequate showing pursuant to *Rhines*, 544 U.S. ___, 125 S.Ct. at 1535, that (1) there is good cause for petitioner's failure to exhaust the claims that are unexhausted, and (2) that the unexhausted claims are not plainly meritless. Additionally, if petitioner does file another motion for a stay, he must specifically state what claim or claims are unexhausted and the status of any state court proceedings to exhaust said unexhausted claim or claims. Any additional motions to stay these proceedings must be filed no later than

**30 days** after petitioner's receipt of this Order. Any motion for a stay filed after that time period will be denied, unless petitioner can establish good cause for his failure to file a renewed motion for a stay within **30 days**. If petitioner does not re-file a motion for a stay, the Court will then proceed to decide petitioner's request for habeas relief based on the grounds raised in the amended petition.

IT IS HEREBY ORDERED that petitioner's renewed request for a stay (Docket No. 10) is **DENIED** without prejudice to re-filing upon a adequate showing pursuant to *Rhines*, 544 U.S. ___, 125 S.Ct. at 1535, that (1) there is good cause for petitioner's failure to exhaust the claim or claims that are unexhausted, and (2) that the unexhausted claim or claims are not plainly meritless.

FURTHER, if petitioner does file another motion for a stay, he must specifically state what claim or claims are unexhausted and the status of any state court proceedings he has filed to exhaust said unexhausted claim or claims.

FURTHER, any additional motions to stay these proceedings must be filed no later than **30 days** after petitioner's receipt of this Order. Any motion for a stay filed after that time period will be denied, unless petitioner can establish good cause for his failure to file a renewed motion for a stay within 30 days.

SO ORDERED.

/s/ Leslie G. Foschio
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: Oct 21, 2005
Buffalo, New York