-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CURTIS MIDDLEBROOKS, 00-B-1178,

                Petitioner,

           v.

JAMES T. CONWAY,

                Respondent.

_____

**ORDER**
05-CV-0004F (Consent)

## INTRODUCTION

Presently before the court is petitioner's Third "Motion for Leave to Stay/Amend Petitioner's Habeas Corpus Petition." (Docket No. 19). In attempt to unravel what claims petitioner may be seeking to exhaust at this time and add to the current amended petition, the court will, as best as it can discern from petitioner's filings, summarize what claims are currently raised in the amended petition, which of those claims are exhausted or unexhausted, and what claims petitioner now seeks to add to the amended petition and whether such claims are exhausted or unexhausted. At that time, the court will decide the pending motion.

## PROCEDURAL HISTORY

On January 3, 2005, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition, which was filed on the court's form for filing petitions for habeas corpus relief pursuant to 28 U.S.C. § 2254, failed to specify the grounds upon which the petition was based (Docket No. 1, Petition, ¶ 22), but it did identify what grounds petitioner had raised on direct appeal from the conviction and in his state court application for a writ of error *coram nobis*. On February 24, 2005, respondent filed a

response and memorandum of law in response to the petition (Docket Nos. 5-6), which

noted that the petition did not raise any grounds for relief but went on to address briefly

the claims petitioner had raised on direct appeal.  (Docket Nos. 6, Memorandum of Law,

pp. 7-12).  On March 3, 2005, petitioner filed a motion requesting a stay of the petition,

pursuant to *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.), *cert. denied sub. nom. Fischer v.*

*Zarvela*, 536 U.S. 925 (2001), so that he could exhaust certain claims he had putatively

raised in his petition.  The motion, however, did not specify what claims were

unexhausted but simply noted that petitioner had filed a N.Y.CRIM.PROC.L., § 440.20

motion, a state habeas corpus petition, and a petition for a writ of *certiorari* with the

United States Supreme Court.  (Docket No. 7, Motion to Stay, Exh. A).  On March 11,

2005, the court denied petitioner's motion for a stay without prejudice as premature, and

directed petitioner to file both an amended petition setting forth each and every ground

he intended to raise in this federal habeas corpus proceeding, both exhausted and

unexhausted, and a renewed motion for a stay that identified specifically what claims

were unexhausted and the status of any state court exhaustion proceedings filed to date

by petitioner.  (Docket No. 8).

On March 25, 2005, petitioner filed a second motion for a stay and a supporting

affirmation, which attached an amended petition for habeas corpus relief and copies of

most of petitioner's post-conviction motions and proceedings.  (Docket No. 10).[1]  The

---

[1]Based on the record presently before the court, the following appears, as best the court can discern, to be the procedural history of petitioner's conviction, direct appeal and post-conviction applications:

1.  Conviction entered on May 19, 2000, and affirmed on December 31, 2002 (*People v. Middlebrooks*, 752 N.Y.S.2d 759 (N.Y. App. Div., 4th Dept. 2002).

2.  Leave to appeal to the New York Court of Appeals denied on March 27, 2003.  (*People v. Middlebrooks*, 790 N.E.2d 286 (N.Y. 2003) (Table).

amended petition raised the following four grounds for relief: (1) petitioner's Fifth and Fourteenth Amendment rights were violated because the state trial court judge failed to state on the record that the People had proved the elements of the offense charged (assault in first degree) when announcing his verdict; (2) New York State does not provide a remedy under the Fourteenth Amendment to challenge a violation of a constitutional right; (3) the defense was precluded from cross-examining a prosecution witness with regard to her prior history in violation of the Sixth Amendment's confrontation clause; and (4) the state trial court judge during a non-jury trial must state on the record the applicable principles of law as to reasonable doubt which the state trial court judge failed to do when he failed to state on the record that the People proved the

---

3.  Petitioner's state court application for a writ of error *coram nobis* was filed on May 12, 2004, and denied on June 14, 2004 (*People v. Middlebrooks*, 778 N.Y.S.2d 737 (Table, Text in WESTLAW), 2004 WL 1351363 (N.Y. App. Div. 2004). Leave to appeal to the New York Court of Appeals from the denial of petitioner's application for writ of error *coram nobis* was denied on October 5, 2004 (*People v. Middlebrooks*, 820 N.E.2d 299 (N.Y. 2004) (Table)), and on April 4, 2005, the United States Supreme Court denied petitioner's petition for a writ of certiorari from the denial of his application for a writ of error *coram nobis*. (*People v. Middlebrooks*, 544 U.S. 966 (2005); Docket No. 10-2, Appendix D; Docket No. 16, Affirmation in Support of Motion for Stay, at 2, Exh. B).

4.  On March 4, 2005, petitioner filed a state court writ of habeas corpus in New York State Supreme Court, Wyoming County, which was denied on March 15, 2005. (Docket No. 10-2, Appendix E). On October 11, 2005, petitioner informed the court that he filed a "Notice of Mandamus,"--*i.e.*, a N.Y.C.P.L.R., Article 78 proceeding--seeking an order directing the Erie County District Attorney and New York State Attorney General to transfer his notice of appeal from the denial of his state habeas corpus petition to the Appellate Division. (Docket No. 17, Letter from petitioner re staus of exhaustion proceedings). On February 16, 2006, petitioner informed the court that the Article 78 proceeding had been denied. (Docket No. 22, Petitioner letter dated February 3, 2006). On March 29, 2007, petitioner informed the court that on November 29, 2006, the Appellate Division, Fourth Department issued a denial for leave to appeal from what appears to be the denial of petitioner's state habeas corpus petition, *People ex rel. Middlebrooks v. Conway, Superintendent*, Index No. 20, 114-05), and that on March 27, 2007 the New York Court of Appeals denied his motion for leave to appeal from the denial of his state habeas corpus petition and to proceed as a poor person. *People ex rel. Middlebrooks v. Conway*, 865 N.E.2d 1245 (N.Y. 2007). (Docket No. 25, Letter from Petitioner, dated March 29, 2007).

5.  On January 16, 2005, petitioner filed a motion pursuant to N.Y. CRIM. PROC. L., § 440.20, seeking to vacate his sentence (Docket No. 10-2, Appendix F), which was denied on May 31, 2005. (Docket No. 15, Respondent's Memorandum of Law, at 3). On July 12, 2005, petitioner informed the court that he had filed a motion for permission to appeal to the Appellate Division from the denial of his § 440.20 motion. (Docket No. 13). Based on communications between one of the court's Pro Se Staff Attorneys and the Appellate Division's Clerk's Office on July 31, 2007, that motion is still pending.

elements of the offense charged beyond a reasonable doubt.[2]  (Docket No. 12,

Amended Petition, ¶ ¶ 22 A-D; Docket No. 19-2, Declaration in Support of Petitioner's

[Third] Notice of Motion For Leave to Stay/Amend His Habeas Corpus Petition

("Declaration"), ¶ 34)).

Petitioner's affirmation in support of his second motion for a stay sets forth a

procedural history of his state court proceedings, and *attempts* to set forth what claims

are unexhausted.  (Docket No. 10-1, Affirmation in Support of Second Motion for Stay).

The affirmation in support of the second motion for a stay states that petitioner "filed a

State Habeas Corpus Petition . . . raising the [following] non-exhausted claims to be later

heard on the Federal Habeas Corpus Petition[:]" (1) the trial court judge violated

petitioner's Fifth and Fourteenth Amendment rights when he failed to state on the record

when announcing his verdict that the People had proved each of the elements of the

offense charged beyond a reasonable doubt; and (2) New York State does not provide a

remedy under the Fourteenth Amendment to challenge a violation of a constitutional

right.  (Docket No. 10-1, Affirmation, p. 5).  As noted in footnote 1, *supra*, the state

habeas corpus petition was denied on March 27, 2007, when the New York Court of

Appeals denied his motion for leave to appeal from the denial of his state habeas corpus

---

[2]The gravamen of the First and Fourth Grounds for Relief appears to be that the state trial judge, who was the trier of fact, failed to specifically state on the record that the People had established the essential elements of the offense charged beyond a reasonable doubt.  Respondent's counsel has construed the First Ground for Relief as a claim that the evidence was legally insufficient to support the conviction for assault in the first degree because the trial judge failed to refer to or state the relevant standard when announcing his verdict. (Docket No. 15, Respondent's Memorandum of Law, pp. 4, 8-9).  A review of petitioner's brief in support of his application for a writ of error *coram nobis* intimates that this claim is more akin to a claim that the trial judge diminished the People's burden of proof, as opposed to an insufficiency of the evidence claim, (Docket No. 10-2, Amended Petition, Appendix. B, Brief in Support for a Writ of Error Coram Nobis, p. 2), but in petitioner's affirmation in support of his "second" motion for a stay (Docket No. 10-1), petitioner specifically states the claim in terms of the trial court's failure to make a particular declaration of the standard of proof when announcing its verdict.  (Docket No. 16, Reply Affirmation, p. 3, 11-12).  Whatever way these two claims are construed, petitioner asserts the same factual and legal basis for both the First and Fourth Grounds for Relief--*viz.*, that the trial judge failed to state that the People had proved the elements of the offense beyond a reasonable doubt when announcing his verdict of guilty.

petition and to proceed as a poor person.

On July 6, 2005, the court issued an Order directing the Clerk of the Court to separately docket the amended petition (Docket No. 12), which had been attached to the second motion for a stay, and directed respondent to file a response to petitioner's second motion for a stay.  (Docket No. 11).

On August 18, 2005, respondent filed a response to the amended petition and a memorandum of law in response to both the amended petition and the renewed motion for a stay.  (Docket Nos. 14-15).  Respondent asserted that the motion for a stay should be denied because the "only" unexhausted claim raised in the amended petition--*viz.*, that the trial judge announced the guilty verdict without stating on the record that the People had established petitioner's guilt beyond a reasonable doubt (Ground Four)--[3] did not need to be exhausted because it is deemed exhausted but procedurally defaulted. (Docket No. 15, Respondent's Memorandum of Law, pp. 4-5).  *See Grey v. Hoke*, 933 F.2d 117, 120-21 (2d Cir.  1991).  Respondent asserts that this claim is deemed exhausted but procedurally defaulted because it was raised in petitioner's state court petition for habeas corpus relief and denied on the procedural ground that petitioner raised the claim on direct appeal or could have raised the claim on direct appeal and habeas corpus was not intended as a substitute for an appeal.  (Docket No. 10-2, Appendix. E, Order of Supreme Court, Wyoming County) (citations omitted).

---

[3]Respondent asserts that petitioner claims in his second motion for a stay (Docket No. 10) that the only unexhausted claim raised in the amended petition is Ground Four–the one which claims that the trial judge did not announce in his verdict that the People had proved the elements of the offense beyond a reasonable doubt.  (Docket No. 15, Respondent's Memorandum of Law, pp. 4).  As previously noted, petitioner appears to assert in his affirmation in support of the second motion for a stay that there are two claims that are unexhausted, the one just stated and Ground Two---the one asserting that the state does not provide an avenue to challenge an alleged violation of a constitutional right.  (Docket No. 10-1, Affirmation, p. 5).

The court, without specifically determining what claim or claims were unexhausted, denied the second motion for a stay without prejudice, pursuant to *Rhines v. Weber*, 544 U.S. 269, 277 (2205), to re-filing upon a showing of "good cause" for petitioner's failure to previously exhaust the unexhausted claims in state court and that the unexhausted claims were not "plainly meritless."[4]  (Docket No. 18).  Petitioner then filed the instant motion for a stay/amend the petition (Docket No. 19).  Respondent has not filed a response to the motion as directed.  (Docket No. 21).  On April 6, 2007, the court docketed a letter from petitioner, dated March 29, 2007 (Docket No. 25), informing the court that the Appellate Division had denied his appeal or application for leave to appeal from the denial of his state habeas corpus petition and that the New York Court of Appeals had denied his motion for leave to appeal from the denial of his state habeas corpus petition and to proceed as a poor person.  *People ex rel. Middlebrooks v. Conway*, 865 N.E.2d 1245 (N.Y. 2007).

## THIRD MOTION FOR STAY/AMEND PETITION

Petitioner, pursuant to the court's Order denying his second motion for a stay without prejudice (Docket 18), filed the instant motion for a stay and to amend the amended petition.  (Docket No. 19).  The motion, and its declaration and memorandum of law in support (Docket No. 19-2, and 19-3), are, like all the rest of petitioner's filings in this court, convoluted and difficult to understand.  He again goes through the procedural morass of the underlying criminal proceedings, and his writ of error coram nobis, N.Y.CRIM.PROC.L. § 440.20 motion and state habeas corpus proceedings (see n. 1, *supra*), but again does not clearly identify what claim or claims are unexhausted and

---

[4]A third criteria set forth in *Rhines* is that "there is no indication that the petitioner engaged in intentionally dilatory litigation techniques."  544 U.S. at 277-79.

what claim or claims he seeks to add to the amended petition by way of the instant

motion.  The court does not say this critically because it appears that petitioner is

genuinely attempting to respond to the court's Orders and proceed in both state court

and this court as best he can.  No one can argue with the notion that the law with

respect to exhaustion, timeliness, stays and amendments of habeas corpus petitions is

difficult to understand even for the most experienced federal habeas corpus practitioner,

let alone a *pro se* indigent inmate not learned in the law.

Liberally construing the motion and supporting papers as the court must do and

understanding them as best the court reasonably can, it appears to the court that, in

addition to the four grounds now set forth in the amended petition (Docket No. 12),

petitioner also seeks to add to the amended petition, among others, the four ineffective

assistance of appellate counsel claims raised in petitioner's application for a writ of error

coram nobis (Docket No. 19-2, Declaration, ¶ 25, p. 8).[5]  Because the ineffective

assistance of counsel claims have been exhausted in state court by way of the

application for a writ of error coram nobis and because respondent has not opposed the

third and instant motion for a stay and to amend (Docket No. 21), petitioner will be

allowed to amend the amended petition to add the ineffective assistance of appellate

counsel claims as exactly set forth and raised in his "Brief in Support of a Writ of Error

Coram Nobis."  (Docket No. 10-2, Appendix to Affirmation in Support of First Stay

Motion, Appendix B--Petitioner's Notice of Writ of Error Coram Nobis; Docket No. 19-2,

---

[5]This paragraph of the Declaration states that:

These issues sought in petitioner's writ of error coram nobis were unexhausted at time petitioner filed his habeas petition.  Since he has exhausted these issues by presenting them to the Appellate Division and to the New York State Court of Appeals [citations omitted], petitioner now seeks to amend the issue of appellate counsel's ineffectiveness into his habeas corpus proceeding.

Declaration, ¶ 15, p. 4).[6]

Petitioner's Declaration in support of the third motion for a stay and to amend appears to also assert that he needs a stay in order for the Appellate Division to finally decide his request for leave to appeal from the denial of his N.Y.CRIM.PROC.L., § 440.20 motion and for his state habeas corpus petition to be finally decided on appeal.  As noted in footnote 1, *supra*, according to the Appellate Division's Clerk's Office the request for leave to appeal as of July 31, 2007 is still pending.  (Docket No. 19-2, Declaration, ¶ ¶ 37, 40-42).  As also noted in that same footnote, the New York Court of Appeals has denied petitioner's motion for leave to appeal to the Court of Appeals from the denial of his state habeas corpus petition and to proceed as a poor person.  *People ex rel. Middlebrooks v. Conway*, 865 N.E.2d 1245 (N.Y. 2007).

Petitioner's Declaration concludes by noting that the petition should be stayed and "amended" to allow him "to incorporate into his previous filed habeas petition his unexhausted and exhausted claims presented to the state court as described in the amended petition."  (Docket No. 19-2, Declaration, ¶ 42).  What this actually means is

---

[6]Thee four grounds are:

A.  Appellate counsel was ineffective for failure to raise the issue that the Trial Court failed to apply the appropriate standard of burden of proof before or after its verdict thus violating Defendant's constitutional rights under the Fifth and Fourteenth Amendments, but for this error defendant's conviction would have been reversed.
* * *
B.  Appellate counsel was ineffective for failure to raise the issue that Penal Law § 120.10 governing assault in first degree is unconstitutional because subdivisions (1)[,] (2) and (3) are not distinct subdivision[s] therefore violation of defendant's due process and equal protection rights, but for this error defendant's conviction would have been vacated.

C.  Appellate counsel was ineffective for failing to raise the issue that the People's opening was inadequate because it failed to provide evidence to support the fourth count in the indictment, but for this error defendant's conviction would have been vacated.

D.  Appellate counsel was ineffective for failure to raise the issue that there was legally insufficiency of evidence to support the conviction pursuant to Criminal Procedure Law § 470.15(5), thus but for this error defendant's conviction would have been modified.

more than a little unclear to the court but the court construes it to mean that petitioner also wants to amend the amended petition to add to it--in addition to the ineffective assistance of appellate counsel claims noted above--the claims raised in his § 440.20 motion, which are still unexhausted due to the pendency in the Appellate Division of petitioner's request for leave to appeal from the trial court's denial of that motion, and the claims raised in the state habeas corpus petition.[7]

As set forth in the Declaration in support of the third motion for a stay and to amend (Declaration, ¶ 31, p. 10), the two claims raised in the state petition for a writ of habeas corpus are already raised in the amended petition as Grounds One and Two (Docket No. 12, Amended Petition, ¶ 22 A-B, pp. 7-8) and, therefore, there is no need to amend the amended petition to add these claims.  Moreover, the New York Court of Appeals in March 2007 denied petitioner's motion for leave to appeal from the denial of the state court habeas corpus petition.  (Docket No. 25, Letter dated March 29, 2007; *People ex rel. Middlebrooks v. Conway*, 865 N.E.2d 1245 (N.Y. 2007)).[8]

The claims raised in petitioner's § 440.20 motion, which still appear to be unexhausted, are that: (1) Defendant was denied his Sixth Amendment right when the trial judge relied upon facts not proven before a jury to increase the determinate sentence beyond its maximum statutory term, thus violating *Apprendi v. New Jersey*, 530 U.S. 466 (200), and (2) the trial judge erred when he relied upon facts under N.Y.CRIM.PROC.L., § 390.30, to increase defendant's determinate sentence beyond its

---

[7]Because petitioner did not specifically raise in the amended petition the claims raised on direct appeal, as he was specifically directed to do if he wished them to be considered in this proceeding (Docket No. 8, Order, entered March 15, 2005), the court finds that said claims are not raised in this proceeding and that petitioner has not asked that he be allowed to raise them now.

[8]The court takes no position at this time as to the nature of the denial of the state habeas corpus petition and whether these claims may be procedurally barred.

maximum term because the facts relied on were not submitted to a jury in violation of *Apprendi*. (Docket No. 10-2, Appendix to Affirmation in Support of First Motion for a Stay, Appendix F–Memorandum of Law in Support of Motion to Vacate Sentence pursuant to N.Y.CRIM.PROC.L., § 440.20).  Either way petitioner states these two claims it is essentially one claim under *Apprendi* that the trial judge unconstitutionally relied upon facts which were not determined beyond a reasonable doubt by a jury (or the judge as the trier of fact) to increase petitioner's sentence beyond its maximum term.  While it is not entirely clear from the petitioner's Declaration or Memorandum of Law in support of the third motion for a stay, petitioner's Memorandum of Law in support of his § 440.20 motion intimates that the claim is that he was unconstitutionally sentenced pursuant to New York's Second Felony Offender Statute or New York's Second Violent Felony Offender Statute. *N.Y. Penal Law*, § § 70.06, and 70.04.

Again, the court notes that respondent has not filed any opposition to the third motion for a stay and to amend, and that petitioner's request for leave to appeal to the Appellate Division from the denial of his § 440.20 motion has been pending since July 28, 2005.  The court also notes that petitioner filed his first motion to stay the petition on March 3, 2005, only two months after he filed his § 440.20 motion and the petition herein.  The court finds that petitioner has taken every opportunity available to him to exhaust the claims raised in the § 440.20 motion and he should not be penalized for the length of time his request for leave to appeal the denial of the § 440.20 has been pending in the Appellate Division.  The length of time said request has been pending does not appear to be the fault of petitioner.  *See Ramdeo v. Phillips*, NO. 04-CV-1157 (SLT), 2006 WL 297462, at * 6,(E.D.N.Y., February 08, 2006) ("Even in cases which

expressly reject the notion that 'good cause' [under *Rhines*, 544 U.S. at 277,] is

analogous to 'cause' for a procedural default or which implicitly reject *Hernandez*

[*v.Sullivan*, 397 F.Supp.2d 1205, 1206-07 (C.D.Cal.2005)], and progeny by discussing

and failing to follow those cases, the 'good cause' has arisen from external factors, not

petitioner's own decisions" (citations omitted)).   Moreover, the court cannot say at this

time that petitioner's claims raised in the § 440.20 motion are plainly meritless.   See

*Rhines*, 544 U.S. at 277.   Lastly, by all accounts petitioner has not engaged in dilatory

litigation tactics.   *Id.* at 277-79.

Accordingly, the court grants plaintiff's third motion to stay the amended petition

to the extent his request for leave to appeal from the denial of his § 440.20 motion is still

pending with the Appellate Division, and the motion to amend the amended petition to

add the ineffective assistance of counsel claims set forth above, *see* n. 6, *supra*, and the

*Apprendi* claims raised in petitioner's § 440.20 motion.

This stay is conditioned on petitioner's return to the district court within **30 days** of

his receipt of an order from the Appellate Division with respect to his request for leave to

appeal from the denial of the N.Y.Crim.Proc.L., § 440.20 motion.   Upon receipt of an

order from the Appellate Division, petitioner **must** both advise the court in writing of the

receipt of an Order from the Appellate Division and file and serve a second amended

petition that includes the four claims now raised in the amended petition (Docket No. 12,

Amended Petition, ¶ 22 A-D, Grounds One-Four), the ineffective assistance of appellate

counsel claims raised in petitioner's application for a writ of error coram nobis (Docket

No. 10-2, Appendix to Affirmation in Support of First Stay Motion, Appendix

B–Petitioner's Notice of Writ of Error Coram Nobis; Docket No. 19-2, Declaration, ¶ 15,

p. 4; and n. 6, *supra*), and the claims raised in petitioner's § 440.20 motion (Docket No. 10-2, Appendix to Affirmation in Support of First Motion for a Stay, Appendix F—Memorandum of Law in Support of Motion to Vacate Sentence pursuant to N.Y.CRIM.PROC.L., § 440.20).[9]  If this condition of the stay is not met, this stay may later be vacated *nunc pro tunc* as of the date the stay was entered.

IT IS HEREBY ORDERED that petitioner's "Motion for Leave to Stay/Amend Petitioner's Habeas Corpus Petition" (Docket No. 19) is **GRANTED** to the extent that the amended petition is stayed pending disposition of petitioner's request for leave to appeal to the Appellate Division from the denial of the N.Y.CRIM.PROC.L., § 440.20 motion, and that petitioner may amend the amended petition to add the ineffective assistance of appellate counsel claims raised in his application for a writ of error coram nobis and his sentencing claims raised in the § 440.20 motion.

FURTHER, that upon receipt of an order from the Appellate Division regarding his pending request for leave to appeal from denial of his § 440.20 motion, petitioner **must within 30 days** of receipt of such an order both advise the court in writing of the receipt of an order from the Appellate Division and file and serve a second amended petition as directed above.  **The Clerk shall forward to petitioner with a copy of this Order a Form Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, which petitioner shall use to file his second amended petition.**

FURTHER, respondent shall file and serve an answer and memorandum of law in

---

[9]Petitioner is advised that an amended complaint or petition is intended to <u>completely replace</u> the prior complaint or petition in the action, and thus it "renders [any prior complaint or petition] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, petitioner's second amended petition <u>must</u> include <u>all</u> of the claims or grounds for relief currently raised in the amended petition and the additional claims the court is now permitting him to add to the amended petition. <u>Any claims that are not set forth and included in the second amended petition will not be considered by the court.</u>

response to the second amended petition within **30 days** of receipt of petitioner's second

amended petition.

      SO ORDERED.

                                    /s/ *Leslie G. Foschio*

                             _____

                                  LESLIE G. FOSCHIO
                         UNITED STATES MAGISTRATE JUDGE

Dated:      August 21, 2007
            Buffalo, New York